FRANCISCO OLIVER-CUVELJE ET AL., Plaintiffs and Appellees, *v.* JOSÉ GONZÁLEZ ET UX., Defendants and Appellants.

No. 4304. Argued February 17, 1928.—Decided March 28, 1928.

A. *Reyes Delgado* and *L. Mercader* for the appellants. *López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This action was initiated by a complaint in injunction proceedings to retain possession in the names of Francisco, Margarita, Manuela and Antonia Oliver Cuvelje and against José González and his wife Cleofe González. It is alleged in the complaint that the plaintiffs are the owners of the Gripiñas plantation in the ward of Jayuya Arriba of the municipal district of Utuado, described in one of the counts; that the plaintiffs have been in physical possession thereof for more than five years and were in such possession as lawful owners when the complaint was filed; that the plaintiffs have been disturbed by the defendants in the possession and tenancy of a parcel of land of that plantation known as Nuez Moscados and having an area of 40.47 acres as described in the fourth count; that the defendants live on the Gripiñas plantation as croppers of the plaintiffs in a small house belonging to the latter and defendant José González has been employed as a laborer on the plantation; that for four months those defendants have been trespassing on the Nuez Moscados part, or the 40 acres, and against the will of the plaintiffs have gathered the coffee growing thereon and intend to take possession of the land notwithstanding the objections of the plaintiffs who, with this exception, for more than thirty years, personally or by their predecessors in interest, have been in public, physical and uninterrupted

possession of the Gripiñas plantation and of the Nuez Moscados piece, and that the defendants have manifested their intention to continue disturbing the plaintiffs in their possession and to despoil them thereof. On these allegations they prayed for a judgment prohibiting the defendants, personally or by another, from entering upon the Nuez Moscados property and interrupting or obstructing the plaintiffs in their possession, with costs and attorney's fees.

The defendants answered as follows: They denied the possession and ownership of the plaintiffs in regard to the Gripiñas plantation and the Nuez Moscados section, the disturbance of such possession, that they lived as ·croppers on the property and all of the other allegations. As defense they alleged that for more than forty years they had been in physical possession of the property of 40.47 acres described in the complaint quietly, publicly and without interruption, planting and harvesting coffee and other fruits and pasture for breeding and raising cattle, alleging that the house belonged exclusively to the defendants and that the property was of 50 acres and other boundaries which they fixed; and they pleaded prescription in case the plaintiffs may have had any right.

At the trial the evidence was contradictory. The plaintiffs called several witnesses who had been employed on the Gripiñas plantation, some as overseers and others in different capacities, and also Francisco Oliver, one of the plaintiffs. They testified that the Nuez Moscados property is part of the plantation called Gripiñas which belongs to the plaintiffs who personally or by their predecessors in interest have always been and still are in possession of it; that José González, the defendant, was a laborer on that plantation and lived on it, the same being the case as regards defendants Cleofe González and their children; that it was customary for the owners to furnish dwellings to the croppers and in 1907 José González and his family were allowed to occupy

a house on the Nuez Moscados property, the house being repaired with funds of Oliver; that the defendants were supplied by the manager of the plantation with hogs and cattle for raising on shares, and they were allowed to have their cattle on the plantation; that in 1923 the plaintiffs built another house on the property for a son of the defendants; that they and their children ceased to be laborers on the plantation for more than a year, going to live on another farm; that in October and November of 1926 the defendants entered the Nuez Moscados property and gathered the coffee for their own benefit against the will of the plaintiffs made known by their manager, and that they have intended and intend to take possession of the said property.

The plaintiffs presented the partition of the estate of Jaime Oliver and a plan of the plantation.

The defendants called witnesses who testified that the defendants had been living on that parcel of land since 1905 or 1907 when they inherited it from Pedro José González; that the houses were built by the defendants with their own money; that they had on that farm cattle belonging to them and four or five acres of coffee; that they worked on the Gripiñas plantation and on other plantations as laborers, and that they continue on the property because it belongs to them.

Clearly the evidence was contradictory and, as observed by the trial judge, irreconcilable. Under these circumstances nobody was in a better position than the judge a quo to weigh exactly the evidence as submitted and to determine the credibility and reliability of the witnesses. The district judge of Arecibo gave greater weight to the evidence of the plaintiffs and decided the case in their favor.

It is true that the proof of title should not have been given great consideration, for it is not a question of ownership that has to be determined in such cases. But it does not seem that the court attached great importance to it.

On March 23, 1927, judgment was rendered for the plaintiffs without special imposition of costs and this appeal was taken therefrom by the defendants.

Various errors are assigned by the appellants.

As regards those relating to the weighing of the evidence, that is, those numbered 2 and 6, we see no corroboration of the charge that the court acted with prejudice or committed grave error. There is nothing in the record that indicates the slightest shade of prejudice on the part of the judge. The appellants offer to us their interpretation of the evidence and their points of view in regard to some of the testimony, but we do not believe them to be correct, and they would never be a sufficient basis for a charge of prejudice. As to the supposed error in the weighing of the evidence, we should say that it was contradictory and, as pointed out by the judge, irreconcilable; and the judge gave greater weight to that of the plaintiffs, acting in a manner highly discreet. In these circumstances we must sustain the court's weighing of the evidence submitted to it, the court being in a better position to judge the attitude and reliability of the witnesses.

It is assigned that the court erred in not dismissing the complaint for lack of facts sufficient to determine a cause of action.

The law governing these cases requires two elementary allegations, i. e., possession of the property by the claimant during the year previous to the filing of the complaint, and disturbance or spoliation, specifying the acts of which it consisted. Of course, a description of the property is necessary for reasons of procedure.

The complaint describes the principal property, Gripiñas, and the Nuez Moscados property which was the object of the act of disturbance and despoliation. It is alleged that the plaintiffs, personally and by their predecessors in interest, have been in possession thereof for thirty years and

are in such possession at present, and specification is made of the acts of disturbance and the intent to despoil.

The appellants understand that it should be alleged that the plaintiffs had been in possession during the year prior to the filing of the complaint. Under number 3 of their complaint the plaintiffs allege:

"That for more than five years these plaintiffs have been in physical possession of the property described, and at present are in the physical possession as lawful owners of the said property. . ." (Page 2 of the record.)

And later in allegation 6:

"these plaintiffs and their predecessors in interest for more than thirty years are publicy in the physical, peaceful and uninterrupted possession of the Gripiñas plantation and also of the parcel of land called Nuez Moscados of 40.47 acres which forms a part of the Gripiñas plantation."

The words "for more than five years" and "for more than thirty years they are in possession" express clearly the idea of uninterrupted possession, at least up to the time when they were written. The appellants affirm that paragraph 3 of the complaint says "that more than five years," etc. As shown by the record it is not so. The words are "for more than five years" etc. The general context of the complaint confirms that those are the words really written in the allegation and that the copy presented to us is true and correct.

Under this same assignment of error the appellants refer to the allegation that the defendants live as croppers on the plantation in a house belonging to the plaintiffs, and it is argued that if they are such and have that house on the plantation it is undeniable that they have a right to pass through the plantation in order to reach the house and the remedy for ejecting the defendants is not the relief prayed for herein, which would have then the scope of unlawful detainer.

At the hearing on this appeal counsel for the appellees stated that there was no objection that the appellants pass through the plantation in order to go to the house.

But the fact is that this action was brought for the purpose of preventing disturbance in the alleged possession of the Nuez Moscados property. In this sense the complaint contains the necessary elements and has not the defect pointed out in the appeal.

The third assignment is that the court *a quo* erred in admitting in evidence the deed of partition of the estate of the spouses Oliver and the plans of the plantation.

In fact it was unnecessary to admit that evidence in a case of injunction to retain possession, for in this summary proceeding the only question to be considered is the possession, regardless of the ownership and even of the possessory title. But the opinion of the judge does not show that that document and that plan have been the determining factors of his decision. It is true that in the opinion it is said that the evidence of the title "has contributed to clear and strengthen the case of the plaintiffs," and later that "in this case where it appears that the dates of the possession coincide the plaintiffs have presented title." But we do not see for what purpose this can be said after the same court had held that as the evidence was contradictory and irreconcilable (referring to the testimony on the matter of possession), greater weight is given to that of the plaintiffs. The case having been decided on that basis, it is unnecessary to touch upon the documentary evidence, which in these actions has great probabilities of being improper. In the interdict to retain and recover possession of the Spanish Law of Civil Procedure, from which, in our opinion, this injunction proceeding was taken, the judge is prohibited from admitting any evidence which does not refer to the possession or tenancy and to the act or acts of spoliation or disturbance (sections 1656 and 1652 of that law). That

express prohibition does not appear in our statutes and this has been the cause on some occasions of leniency or tolerance on the part of the courts in the admission of evidence, which leniency and tolerance perhaps would not have existed if in those cases the courts had relied on the fact that the. law which establishes these injunction proceedings requires as elements of the complaint allegations of the possession and its duration and of the act of disturbance or spoliation and, applying the provisions of section 34 of the Law of Evidence, should only admit evidence pertinent to those allegations.

The admission of that documentary evidence, although unnecessary, was not prejudicial to the defendants and does not constitute error. In the case of *Alfaro* v. *Alonso,* 27 P.R.R. 50, this court held. that it was not necessary to prove the right by which the plaintiff was in possession, and for that reason held that the presentation of the deed was unnecessary. The opinion of this court should not be interpreted by extending it beyond its own statements and contents. It was held that that evidence *was not necessary,* and this was logical, for the court reaffirmed the constant doctrine that the fact of possession, or even of tenancy, and not the title on which the tenancy or possession is based, was the object of this proceeding; therefore, the evidence of the *right or the possession was not necessary.*

The fourth assignment is that the court erred in holding that the defendants are estopped from pleading prescription.

That plea of the defendants was as follows:

"2. That if the plaintiffs had any right to the portion indicated in the fourth count of the complaint, it would be barred by prescription under section 1860 of the Porto Rican Civil Code."

Section 1860 of our Civil Code reads as follows:

"Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for thirty years without the necessity of title or good faith and without distinction between present and absent persons, with the exception mentioned

in section 546 of the second article, Chapter I, Title VII of the Second Book of this Code.''

This section forms a part of Chapter II, Title XVIII, Book IV, of the Code.

Of the two aspects of prescription that of acquisitive prescription is nothing more than a means of acquiring ownership and real rights, as set forth in the first paragraph of section 1831 reading as follows:

''Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law.''

Section 1860, *supra,* is of those which treat of prescription as a title for acquiring ownership.

The defendants in their answer raise the question of ownership title, and deviate from the scope of the injunction which has been defined by the authorities as ''possessory protection.''

The court acted properly and correctly in not considering that allegation, which might be raised perhaps and argued in a plenary trial involving ownership, but not in the summary proceeding of injunction.

It was held by this court in *Ortiz* v. *Silva*, 28 P.R.R. 357, that in these cases the only thing involved is the immediate right of possession, eliminating the superiority of the title.

It is sufficient to allege and prove possession in the next period to which the law refers in order that the case be well presented and may be justly decided. If the defendant should allege that the plaintiff was not in possession during the year next preceding the complaint and should prove that fact, it would be sufficient to destroy the force of the complaint, although prior to that time the plaintiff had been in constant possession.

The plea of prescription in this case was not to be considered and could be eliminated.

The fifth assignment has no merit. The district court did

not judge the case by the better title of the plaintiffs, but by the weight of the oral evidence referring to the possession, giving more credit to that of the plaintiffs.

The sixth assignment of error has been considered in this opinion. We can not see the element of prejudice alleged. We find that the district judge made a careful, impartial and calm study of the evidence and rendered a decision in accordance with good principles, exercising sound legal discretion in weighing the evidence, in accordance with section 162 of the Law of Evidence.

The seventh assignment of error refers to the admission of new testimony of witnesses Oliver and Carreras.

Section 157 of the Law of Evidence prescribes that after a witness is examined he can not be reexamined on the same matter without the consent of the court.

But in this case it appears on page 172 of the stenographic record that the attorney for the defendants opposed the testimony of Carreras on certain matters and the court permitted him to continue, the party taking no exception, and, on the contrary, counsel for the defendants cross-examined the witness in regard to the same particulars of his testimony (pages 173 and 174 of the stenographic record).

As regards the second examination of Oliver (pages 37 and 38 of the stenographic record), it rather referred to a plan and then to matters about which he had not testified on his first examination. Attorney Mercader for the defendants opposed the examination of this witness, but the witness proceeded and the attorney for the defendants did not request any ruling from the court nor take exception. As to the second appearance of witness Carreras in the principal direct evidence of the plaintiffs (pages 40, 41 and 42 of the stenographic record), it was mainly for the purpose of identifying a plan whose admission had been opposed by counsel for the defendants.

We find no error in the admission of that testimony, nor do we see that the appellants prepared themselves by exception for assigning this supposed error.

From the foregoing we are of the opinion that the judgment appealed from should not be reversed; but in view of the statements of the appellees that they do not intend to prevent the defendants from passing through the plantation to reach the house, the judgment should be modified in the sense that it does not prohibit such passage by the defendants, and, as so modified, affirmed.